Arthur Emmett SIMPSON, Plaintiff In Error,

v.

STATE of Oklahoma, Defendant In Error.

No. A–12353.

Criminal Court of Appeals of Oklahoma.

Dec. 5, 1956.

Alvin C. Bruce, Ardmore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, Presiding Judge.

The defendant, Arthur Emmett Simpson, was charged by an information filed in the County Court of Carter County with the crime of driving an automobile on the public highway while under the influence of intoxicating liquor, was tried, convicted and pursuant to the verdict of the jury was sentenced to pay a fine of $250.

Two propositions are presented by the appeal: First, the evidence was insufficient to sustain the conviction. Second, the punishment assessed was excessive.

The first proposition is based upon the contention of the accused that no witness for the State testified that he saw the defendant driving his automobile at the time it struck a car belonging to Mrs. Morrison. However, our examination of the record discloses that Mrs. Morrison, who owned the automobile which was struck by the defendant, testified that she had walked out of a cafe and started around the front of her car and saw the defendant hit the back of her car; that no one else was in the defendant's car and defendant was sitting under the wheel.

A police officer a few yards away heard the crash, went to the scene and saw defendant sitting alone in his car under the wheel. Defendant was very drunk.

 The defendant testified in his own defense that he became intoxicated and that a man by the name of Jones started to drive him home in defendant's car; that in backing defendant's car out from the curb Jones struck the car belonging to Mrs. Morrison and when he did so, Jones jumped from the car and ran. The divergent testimony raised an issue of fact for the determination of the jury.

The contention that the punishment was excessive was based upon the fact that only minor damage was caused to the automobile of Mrs. Morrison and that the defendant had paid for its repair. The verdict was fixed by the jury who had all of the facts before them and we do not set aside verdicts of juries on the grounds of excessiveness of punishment unless we can see the jury acted from bias or prejudice and that the punishment assessed bears no reasonable relation to the crime which was committed.

Affirmed.

BRETT and POWELL, JJ., concur.